# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**DANIEL WILSON**  **PLAINTIFF**
**ADC #138100**

v.                    No: 4:24-cv-00245-KGB-PSH

**BRIAN BROTHERS,** *et al.*                    **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to Chief United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Daniel Wilson filed a *pro se* complaint on March 15, 2024, while incarcerated in the Yell County jail (Doc. No. 2).[1] He subsequently filed an amended

---

[1] In the Initial Order for *Pro Se* Prisoner Plaintiffs filed March 26, 2024 (Doc. No. 3), Wilson was notified of his obligation to comply with the Federal Rules of Civil Procedure as well as the Local Rules for the Eastern District of Arkansas. He was specifically referred to Local Rule 5.5(c)(2) which requires a party not represented by

complaint (Doc. No. 7). On July 24, 2024, he filed a notice that his address had changed to the Arkansas Division of Correction's Ouachita River Unit (Doc. No. 23).

On March 31, 2025, defendant Sheriff Nick Gault moved to dismiss Wilson's claims based on his failure to prosecute this case and filed a brief and affidavit in support. *See* Doc. Nos. 51-53. Gault attached evidence that mail sent to Wilson at his last known address had been returned as undeliverable. *See* Doc. No. 53-1. The same day, the Court entered a text order directing Wilson to provide notice of his current mailing address no later than thirty days from the entry of the text order (Doc. No. 54). He was warned that his failure to provide a current mailing address would cause the undersigned to recommend his complaint be dismissed. A printed version of the text order was sent to him at his last known address. The envelope containing the Court's March 31 order could not be delivered to Wilson because he was no longer at the address he provided, and the envelope was returned to the Clerk of the Court and entered on the docket. *See* Doc. No. 55.

More than 30 days have passed, and Wilson has not complied with or otherwise responded to Gault's motion or the March 31 order. Accordingly, the

---

counsel to promptly notify the Clerk and parties of any change of address and to prosecute the action diligently, and provides that if a communication from the Court to a *pro se* plaintiff is not responded to within 30 days, the case may be dismissed without prejudice.

Court finds that this action should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2) and failure to respond to the Court's orders.  *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (District courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

It is therefore recommended that:

(1)   Gault's motion to dismiss (Doc. No. 51) be GRANTED;

(2)   the pending recommendation on defendant Shannon Golden's motion for judgment on the pleadings (Doc. No. 33) be DECLINED as MOOT;

(3)   all other pending motions (Doc. Nos. 29, 41 & 44) be DENIED as MOOT; and

(4)   Wilson's complaint (Doc. No. 2) and amended complaint (Doc. No. 7) be DISMISSED WITHOUT PREJUDICE.

DATED this 5th day of May, 2025.

_____
UNITED STATES MAGISTRATE JUDGE